UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOCAL 589, AMALGAMATED TRANSIT UNION, STACI ATKINS GAMBLE, ET AL.<br><br>Plaintiffs,<br><br>v.<br><br>MASSACHUSETTS BAY TRANSPORTATION AUTHORITY,<br><br>Defendant. | No._____ |

## COMPLAINT

**NATURE OF THE ACTION**

This is a class action on behalf of Massachusetts Bay Transportation Authority ("MBTA") Bus Operators who are required by the MBTA to travel throughout the city, without compensation, from one assigned location to another during their day's work. These pay practices violate the Fair Labor Standards Act, 29 U.S.C. Section 207, the Portal to Portal Act, 29 U.S.C. Section 252 and the Massachusetts Wage and Hour Law, including M.G.L. Ch. 151, Sections 1, et seq..

**JURISDICTION**

Jurisdiction is premised on 29 U.S.C. Section 216(b) and 252 (d), which establish rights to bring actions in the United States District Court to compel enforcement of the Fair Labor Standards Act and the Portal to Portal Act, respectively. Plaintiffs request supplemental jurisdiction, 28 U.S.C. Section 1367, to enforce the Massachusetts Wage and Hour Law, M.G.L. Ch. 151, which apply to the same parties and subject matter.

**PARTIES**

1. Plaintiff Local 589, Amalgamated Transit Union ("Local 589" or "the Union") represents in collective bargaining certain employees of the Massachusetts Bay Transportation Authority including, among others, those known as "Bus Operators", "Trackless Trolley Operators" and "Motorperson".  Local 589 has represented workers in these classifications for approximately 100 years. Its office is located at 295 Devonshire Street, Boston, Massachusetts, 02110.

2. Staci Atkins Gamble is a full-time Motorperson employed by the MBTA and currently assigned to the Green Line. Ms. Atkins-Gamble's address is 165 Blue Hills Parkway, Milton, Massachusetts, 02186. Ms. Atkins-Gamble has worked repeatedly on MBTA runs (work assignments) which required her to travel from one location where she completed her operating assignment, to another work location where she reported for further duty or to the point where she began service at the time of her first report, without compensation of any kind for the time required to travel.

3. During the Winter Pick of 2016, Ms. Atkins-Gamble was assigned to run 550 out of the Boston College Station, located at the intersection of Commonwealth Avenue and Lake Street in Newton, Massachusetts 02467. She ended the first part of her shift back at the Boston College Station and travels without pay to the Cleveland Circle MBTA Station, located between Beacon Street and Chestnut Hill Avenue, Brighton, Massachusetts 02135 to begin the second half of her work day. This trip takes 15 minutes.

4. Pending class certification, there are approximately 26 additional individual plaintiffs. Written consent forms for those individuals are attached hereto. Any new names that are added will be disclosed to opposing counsel in a letter and will be added to the existing index of names attached hereto.

5. Defendant Massachusetts Bay Transportation Authority (MBTA) is a body corporate and politic, a subdivision of the Commonwealth of Massachusetts, authorized to own and operate mass transit systems, including bus, subway, streetcar, trackless trolley and commuter rail facilities, throughout a service area comprised of Boston, Massachusetts and 79 Massachusetts cities and towns in the surrounding area. M.G.L. Ch. 161A, Sections 1, et seq.. The MBTA is authorized to sue and be sued. The principal offices of the MBTA are located at 10 Park Plaza, Boston, Massachusetts, 02116.

**PARTIES' RELATIONSHIPS**

6. Plaintiff Local 589, ATU and Defendant MBTA are parties to a collective bargaining agreement which, among other provisions, establishes and governs

pay, hours and other terms and conditions of employment for the MBTA employee classification of Motorperson.

7. The individual Plaintiff Staci Atkins Gamble and those similarly situated, are on active duty as MBTA workers (or have been on active duty at some point during the period between December 1, 2013 and the filing of this lawsuit) . They are paid by the MBTA weekly on each Wednesday, by check or by direct deposit, based on their respective wage rates times the hours worked during the preceding pay week. The scheduled work week begins at 12:01 am each Monday and ends and Midnight on the following Sunday.

**THE PRESENT DISPUTES**

8. MBTA Motorpersons are given specific routes to drive each workday. Their pay depends on the hours required to complete the work designed for them by the MBTA. Green Line Motorpersons select assignments quarterly, by seniority, from among available weekly assignments devised by MBTA management to meet the service needs in the area served by the Green Line Station where the Motorperson works. There are four separate rapid transit lines spread throughout the MBTA service area. Motorpersons drive trolleys and subway cars, depending on what line they work.

9. MBTA Operating Employees are comprised of full-time workers, who are guaranteed to receive 8 hours pay each day, with two days off each week, and part-time workers, who have no guaranteed number of hours each day, but can work up to 30 each week. In practice, most part-time workers have assignments

which last between 5 hours and 45 minutes and 5 hours and 55 minutes each day, five days each week.

10. MBTA Motorperson Employees are divided generally into "garages" or "carhouses" where employees report to work and receive vehicles along with a list or "manifest" which depicts the stops they are to make every work day. (Hereafter, this Complaint will refer to "Operating Employees" in general to encompass all affected classifications, including Motorpersons, unless otherwise indicated.)

11. At each general report location are such amenities as parking spaces, an employee break room with lockers, restroom and changing facilities and supervisory staff who manage day-to-day activities, post work-related notices, keep time and pay records, collect reports and the like.

12. MBTA customer service ceases for a few hours each night. During that time, the vehicles are returned to the various garages or carhouses for cleaning and servicing. As part of their daily assignments, Operating Employees take the vehicles from garages and carhouses in the morning and return them there at the end of the day. However, vehicles stay in service for up to 20 hours each day, and so the Operating Employees replace each other in active duty while the vehicles are on the road or rail, at various points along the bus, subway and streetcar routes of service.

13. Because of rush hour demands, MBTA service frequency varies throughout the day. Consequently, split shifts are common. If an Operating Employee is relieved

of duty for thirty minutes or less, the break is paid, if thirty-one minutes or more, the break is unpaid.

14. Any full-time MBTA Operating Employee who reports for duty at one location, such as their report garage, then, after a mid-day unpaid break, reports to another, different location, such as a street corner downtown, to resume their duties, receives under the labor contract a so-called "swing on allowance" consisting of 20 minutes' pay.

15. Under no circumstances do part-time Operating Employees receive "swing on allowances," even though they often report to different locations throughout the work day.

16. When a full-time Operating Employee reports for duty in one location, is relieved of duty elsewhere, then reports back to the original location after an unpaid break, they receive no compensation for the time required to travel between the two locations.

17. Many employees who receive a so-called "swing on allowance" must travel much more than twenty minutes in order to return to their original report location after being relieved from duty.

**CAUSES OF ACTION**

COUNT I
PORTAL TO PORTAL ACT

18. All of the previous allegations are repeated and incorporated into this Count.

19. MBTA Operating Employees, including Bus Operators, Streetcar Motorpersons, Rapid Transit Motorpersons, Train Attendants and Customer Service Agents are all obliged to travel throughout the city after they have commenced their work days, in order to be of service to the MBTA.

20. The travel from one work location to another and back again is generally not compensated by the MBTA.

21. Accordingly, MBTA pay practices violate the United States Portal to Portal Act, in particular 29 U.S.C. Sections 252 and 254.

COUNT II
FAIR LABOR STANDARDS ACT
UNPAID "SPLIT SHIFT" TRAVEL TIME

22. All of the previous allegations are repeated and incorporated into this Count.

23. MBTA Operating Employees are compelled in order to perform the requisite service to the MBTA, after commencing their principal activities, to move from place to place throughout the city without pay during the period established as an "unpaid meal relief" break.

24. Split shift travel time is excluded by the MBTA from regular hourly pay, in violation of 29 U.S.C. Section 206 and M.G.L. Ch. 151, Section 1 the "Minimum Wage" provisions.

25. Split shift travel time is excluded by the MBTA from overtime calculations, in violation of 29 U.S.C. Section 207 and M.G.L. Ch. 151, Section 1A, the "Maximum Hours" provisions.

## COUNT III
## CLASS ACTION

26. All of the previous allegations are repeated and incorporated into this Count.

27. There are at least 26 MBTA Operating Employees who have been compelled to travel without pay after they commenced daily work duties, during the period after December 2013 and before the filing of this action.

28. The legal and factual issues shared by the claims of potential plaintiffs predominate over any differences among their individual claims

29. Proceeding as a class would avoid incompatible standards of conduct for payment of travel time consumed by Operating Employees.

30. The representatives and counsel named herein will fairly and adequately protect the interests of the class of claimants.

31. Class action by representative plaintiffs comports with Rule 23 of the Federal Rules of Civil Procedure and the specific requirements of the Fair Labor Standards Act, 29 U.S.C. Section 216(h). (See written consent forms, Attachment A. Any new names that are added will be disclosed to opposing counsel in a letter and will be added the existing index of names attached hereto) Accordingly, this matter should proceed as a class action with regard to all allegations, counts and remedies.

## COUNT VI
## WILLFUL VIOLATIONS OF LAW

32. All of the previous allegations are repeated and incorporated into this Count.

33. MBTA officials, including managers, supervisors, legal, payroll and planning directors, were aware that Operating Employees were being required to travel after commencing their daily duties.

34. MBTA officials, including managers, supervisors, legal, payroll and planning directors, were aware that Operating Employees were not being compensated for travel time during their work days.

35. MBTA officials, including managers, supervisors, legal, payroll and planning directors, were aware that compensation was required for work day travel time as a matter of law.

36. When the illegal pay practices were specifically explained and the Plaintiff Union demanded that they cease, MBTA officials refused and persisted in the illegal behavior.

37. MBTA determination to continue violating the wage and hour laws was therefore deliberate and willful, undertaken as a matter of policy, not through error, ignorance or bureaucratic inertia.

**REMEDIES**

Plaintiffs seek injunctive and declarative relief, as well as damages, in the form of an order of the Court directing the MBTA as follows:

A. Cease directing employees to travel from place to place in the city during their work day without compensation for the time expended in travel;

B. Pay to each employee who has been compelled to travel after arriving at work for time expended in such travel at the employee's regular rate of pay;

C. Pay to each employee whose weekly hours of work exceeded 40, but were not paid because work day travel time was excluded, overtime at the rate of time and one-half their regular rate of pay for all hours in excess of 40 when travel time is added to their pay;

D. Pay to Counsel for Plaintiffs a reasonable amount as attorneys fees, and other costs and expenses arising from the litigation of this matter; and

E. Such other actions or remedies as may be appropriate to effectuate the purposes of the Fair Labor Standards Act, Massachusetts Wage and Hour laws and the Portal to Portal Act.

Respectfully submitted,
Counsel for Plaintiffs, Local 589, ATU, and
Staci Atkins Gamble, et al.

\_\_\_/s/ Douglas Taylor_____

Douglas Taylor, BBO No. 562777
Gromfine, Taylor & Tyler
1420 King Street, Suite 500
Alexandria, VA   22314
(703) 683-7782
dtaylor@lbgt.com

          /s/ Paul Hynes_____

Paul T. Hynes, BBO No. 545952  
Brian Rogal. BBO No. 424920  
Angoff, Goldman, Manning, Hynes & Dunlap, PC  
100 River Ridge Drive, Suite 203  
Norwood, MA    02062  
(781) 255-7700  
BRogal@AngoffGoldman.com

Certificate of Service

     I hereby certify that I have served a copy of the forgoing Complaint on the Massachusetts Bay Transportation Authority located at:

10 Park Plaza, Suite 3910  
Boston, MA 02116

August 29, 2017                        \_\_\_/s/ Douglas Taylor_____